IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANK P MORGAN,

    Plaintiff,

v.                                                      CASE NO. 1:12-cv-161-RV-GRJ

ALACHUA COUNTY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former Alachua County Fire Department firefighter/EMT, has filed a *pro se* Complaint against Alachua County, individual employees of Alachua County, and two officers of the Fire Rescue Professionals of Alachua County, IAFF Local 3852, alleging that his employment was terminated in retaliation for asserting his rights under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") (Doc. 1). Alachua County has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 8 for failure to sufficiently plead claims and for lack of subject matter jurisdiction to the extent Plaintiff sues other county employees in their individual capacities. Doc. 8 (Alachua County motion). This motion is properly construed as one pursuant to Fed. R. Civ. P. 12(b)(6). The named Union officers, Mark Knight and Brett Sandlin, have moved to dismiss the Complaint against them pursuant to Fed. R. Civ. P. 12(b)(6) and for insufficient service of process. Doc. 9 (Union motion). For the reasons set forth below, the Court finds that the County's motion is due to be granted in part and denied in part, and the Union's motion is due to be granted.

## I. STANDARD OF REVIEW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted). "A pleading that offers 'labels and conclusions' or "a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).

In order to state a *prima facie* case of FMLA retaliation, Plaintiff must allege that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity. *Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004). Further, government officials acting in their individual capacity are not personally liable as "employers" under the FMLA. *Wascura v. Carver*, 169 F.3d. 683, 687 (11th Cir. 1999).

## II. County's Motion to Dismiss

In accordance with the foregoing authority, it is clear that the Complaint is due to be dismissed insofar as Plaintiff sues individuals who also were employees of Alachua County. *Wascura,* 169 F.3d. at 687. The FMLA creates a private right of action to seek both equitable relief and money damages "'against any *employer* (including a public agency)', § 2617(a)(2), should that employer 'interfere with, restrain, or deny the exercise of' FMLA rights', § 2615(a)(1)." *Nevada Dept. of Human Resources v. Hibbs* 538 U.S. 721, 724-725 (2003). "Congress has defined 'public agency' to include both 'the government of a State or political subdivision thereof' and 'any agency of a State, or a political subdivision of a State.'" *Id*. at 726. In this case, Plaintiff's employer for purposes of FMLA liability is a department of Alachua County, and not other individuals employed by the department. *See Wascura,* 169 F.3d. at 687.

The undersigned finds that the Complaint in other respects, while not the most artfully pled, is sufficient to state a claim for relief against Plaintiff's former employer. The Complaint states that Plaintiff was employed by Alachua County from 1998 through 2011. Plaintiff alleges that he was injured in a motorcycle accident in November 2005, and his treatment and recovery required the use of almost 12 weeks

of FMLA leave, in addition to other sick and vacation leave. Plaintiff alleges that upon his return to work he was assigned to a "staffing" position rather than a permanent post, and was derided for taking FMLA leave. Plaintiff concedes that he subsequently had three "minor" attendance violations that ultimately resulted in a suspension. Plaintiff alleges that in February 2011 he requested FMLA leave in connection with necessary medical treatment and an absence that he reported to Defendant, but that thereafter he was terminated from his employment. Plaintiff alleges that Defendant terminated him for an asserted attendance violation as a pretext for terminating Plaintiff for exercising his rights under the FMLA. These allegations, which must be accepted as true at this point in the litigation, *see Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010), are sufficient to put Alachua County on notice concerning the remaining elements Plaintiff's FMLA claim, and to permit Defendant to formulate its answer and/or defenses. *See Bentley v. Dollar Tree Stores, Inc.*, 2011 WL 3678688 at * 2 (N.D. Fla. Aug. 22, 2011). *See also Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).

As the Union defendants assert, the FMLA does not create a cause of action against Union officers because they were not Plaintiff's "employer," and the FMLA was intended to create a cause of action against an "employer" for violating the FMLA. *See, e.g., Hibbs,* 538 U.S. at 724-725; *Scamihorn v. General Truck Drivers*, 282 F.3d 1078, n.2 (9th Cir. 2002) (district court dismissed plaintiff's claims under FMLA as union is not an employer); *Watkins v. Chicago Transit Authority*, 2012 WL 580751 at *1 (N.D. Ill. 2012) (unpublished) ("Plaintiff fares no better with her FMLA claims against the Union because, as she admits, the Union was not her employer. Consequently, Plaintiff

cannot state an FMLA claim against the Union.") (internal citations omitted).[1]

## VI.  CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED:**

(1) That Defendants' motion to dismiss, Doc. 8, should **GRANTED IN PART,** that Plaintiff's claims against the individual Defendants should be **DISMISSED,** and that in all other respects, the motion to dismiss (Doc. 8) be **DENIED;**

(2) That the Union defendants' motion to dismiss, Doc. 9, be **GRANTED** and all claims against such defendants be **DISMISSED.**

It is further **RECOMMENDED** that this case be remanded to the undersigned for further proceedings, including issuance of a discovery and case management order.

**IN CHAMBERS** this 6th day of August 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Although unpublished opinions are not binding on this Court, they are persuasive authority.  11th Cir. R. 36-2.